Filed 9/30/24  P. v. Hillery CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C100061 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FECOD-2023-0000208) |
| v. | |
| TOMMY LEMAR HILLERY, | |
| Defendant and Appellant. | |

After the trial court denied his motion to suppress evidence, defendant Tommy Lemar Hillery pled no contest to possessing a firearm having been convicted of a felony. Following sentencing, defendant appealed from the denial of his suppression motion. Defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 asking this court to independently review the record to determine if there are any arguable errors that would result in a disposition more favorable to defendant. Finding none, we affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2023, police responded to reports of a robbery in Stockton. Officer Kyle Higgerson heard from his supervisor that six to eight suspects were fleeing westward on foot from the scene of the robbery, so he drove to intercept them. Officer Higgerson saw seven to nine people walking westward along the reported route. When they saw the officer, the people took off running. Officer Higgerson, in uniform, got out of his marked patrol car and yelled that he was a police officer and for the people to stop, but they did not. Defendant, one of the crowd of runners, tried to hop over a fence but failed. Officer Higgerson chased defendant for approximately two blocks before catching him, pushing him to the ground, and holding him at gunpoint until another officer arrived. Defendant fiddled with something in his pocket while on the ground, so Officer Higgerson told the arriving officer defendant possibly had something in his front sweatshirt pocket. The other officer searched defendant and found a gun with an extended magazine in the pocket of defendant's hooded sweatshirt.

The prosecution charged defendant with possessing a firearm and ammunition having been convicted of a felony and alleged he had previously been convicted of a serious felony. Defendant filed a motion to suppress the gun and ammunition, arguing Officer Higgerson lacked probable cause to stop or detain defendant. The prosecution argued Officer Higgerson had a reasonable articulable suspicion sufficient to justify detaining defendant and searching him for weapons because defendant ran when the officer ordered him to stop and appeared to have a gun in his pocket.

The trial court held a hearing at which Officer Higgerson testified and was cross-examined by defense counsel. The court found that Officer Higgerson did not detain defendant by chasing him and that the officer had probable cause to arrest defendant once he fled from the officer. Accordingly, the court denied the motion to suppress evidence.

Defendant then pled no contest, pursuant to a plea agreement, to possessing a firearm having been convicted of a felony and admitted a prior serious felony conviction.

Pursuant to the plea agreement, the trial court sentenced defendant to a stipulated middle term of two years in prison, doubled to four years due to the prior serious felony conviction, and dismissed the possession of ammunition charge.

Defendant appeals from the judgment, indicating that he bases his appeal on the denial of the motion to suppress evidence. Although defendant requested a certificate of probable cause, the trial court denied it, noting defendant did not need a certificate of probable cause to challenge the denial of his suppression motion.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Counsel advised defendant of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant. Accordingly, we affirm.

DISPOSITION

The judgment is affirmed.

/s/_____
ROBIE, Acting P. J.

We concur:

/s/_____
KRAUSE, J.

/s/_____
FEINBERG, J.

4